IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

| | | |
|---|---|---|
| **THOMAS IVY and CAROL IVY,** | | |
| **husband and wife** | | **PLAINTIFFS** |
| | | |
| **v.** | **Case No. 1:11CV00034 KGB** | |
| | | |
| **STACEY AVEY, individually and in his capacity as County** | | |
| **Judge for Stone County, Arkansas; DAN BROWN and** | | |
| **BETTY BROWN, husband and wife; and STONE COUNTY,** | | |
| **ARKANSAS** | | **DEFENDANTS** |

## OPINION AND JUDGMENT

Before the Court is plaintiffs' application for default judgment against separate defendants Dan Brown and Betty Brown (Dkt. No. 15). The Court conducted a hearing in this matter. For the reasons set out below, the Court enters judgment in favor of plaintiffs against Mr. and Mrs. Brown in the amount of $3,900.00.

### I.     Procedural Background

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk of court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the Rule. *Id.* Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id.*

The Clerk of Court entered defaults as to Mr. Brown (Dkt. No. 21) and Mrs. Brown (Dkt. No. 22). The Court then conducted a hearing on plaintiffs' application for default judgment. *See* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings . . . when, to enter or effectuate

judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."). Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the issue currently before the Court is whether to enter judgment on the default, and, if judgment is entered, to determine the amount of that judgment.

**II.     Relevant Background**

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983 and common law against Stone County Judge Stacey Avey; Stone County, Arkansas; Dan Brown; and Betty Brown. Only Mr. and Mrs. Brown remain as defendants. Mr. and Mrs. Brown have not answered or otherwise responded to plaintiffs' complaint and have not otherwise appeared in this matter.

Mr. and Mrs. Brown are deemed to have admitted the following allegations from plaintiffs' complaint.[1] Mr. and Mrs. Brown are husband and wife. They own property east of plaintiffs, although the property may not be immediately adjacent. Around August 2010, Stone County Judge Stacey Avey directed that the assets of Stone County – including equipment, material, and employees – be used to trespass on and destroy 106 linear feet by 15 feet of plaintiffs' property (the "Section") in order to build a roadway that Mr. and Mrs. Brown would use to access their land.

Mr. Brown is a private landowner and a resident of Stone County, Arkansas. He induced or enticed Judge Avey into using Stone County equipment and employees, owned and funded by the taxpayers, to trespass upon, construct a road, and destroy the Section of plaintiffs' land. Mr. Brown was an interested party in the trespass, and the road constructed was for his sole purpose and benefit. Mrs. Brown is a private landowner whom the road serves. The road was

---

[1] Based on the procedural posture of this case, the Court discusses these facts as admitted and true for the purposes of this Order.

constructed for the sole benefit of Mr. and Mrs. Brown. Plaintiffs state, in sum, that the new road was unnecessary because Mr. and Mrs. Brown had independent access to their land via a county road separate from the road at issue in this lawsuit.

Plaintiffs requested relief and compensation from Judge Avey but were denied. Judge Avey replied that there was no remedy available to plaintiffs and that he would have to be sued. After the present lawsuit was initiated, plaintiffs' claims against Judge Avey and Stone County were settled and dismissed with prejudice.

Plaintiffs 42 U.S.C. § 1983 allegations include trespass, destruction of real property, and civil conspiracy to commit trespass. At the hearing of this matter, plaintiffs' counsel made clear that the alleged constitutional violation here is a violation of the Takings Clause and the Due Process Clause.[2]

### III. Standard for Considering Default Judgment

This Court has discretion when deciding whether to enter a default judgment. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). "The entry of default judgment is not favored by the law, and should be a rare judicial act." *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995) (internal citation and quotation omitted). There are many

---

[2] To the extent that plaintiffs bring a substantive due process claim, the United States Supreme Court has "always been reluctant to expand the concept of substantive due process . . . where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (internal citation and quotations omitted). Here, the Court concludes that the Takings Clause is the appropriate guide for analyzing plaintiffs' claims. To the extent that the plaintiffs bring a procedural due process claim, courts have declined to engage in a "separate due process analysis over and above a consideration of the plaintiffs' more precise claims based on the Just Compensation Clause." *Miller v. Campbell Cnty.*, 945 F.2d 348, 352 (10th Cir. 1991). Based on the entire record in this case, and the proof presented at the hearing of this matter, the Court concludes that plaintiffs' more precise claim is based on the Takings Clause and the Just Compensation Clause, and thus this Court declines to engage in a separate analysis regarding procedural due process.

factors this Court may consider in determining the application for default judgment, including "the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant." Charles A. Wright, *et al.*, *Federal Practice & Procedure*, § 2685 (3d ed. 2013) (West) (collecting cases). The defaulting party is "deemed to have admitted to the truth of the well-pleaded allegations of the complaint." *Fraserside IP L.L.C. v. Faragalla*, No. C11-3032-MWB, 2012 WL 124391, at *2 (N.D. Iowa Jan. 17, 2012) (citing *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied,* 506 U.S. 1080 (1993)).

**IV. Analysis**

For a § 1983 claim, plaintiffs must show two essential elements: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).

First, "to act under color of state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a *willful participant in joint action with the State or its agents*. Private persons, jointly engaged with state officials in the challenged action, are acting under color of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (emphasis added) (internal quotations omitted). "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants

acting under color of state law. The plaintiffs must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999) (internal citations omitted). Plaintiffs state that Mr. and Mrs. Brown induced or enticed Judge Avey and Stone County into using Stone County's equipment and employees to trespass upon, construct a road, and destroy a Section of plaintiffs' land. Given the procedural posture of this case, Mr. and Mrs. Brown are deemed to have admitted those allegations. Therefore, accepting those allegations as true, plaintiffs have satisfied the "under color of state law" prong.

Second, a "plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). The Court's analysis begins with the text of the Takings Clause of the Fifth Amendment: "nor shall private property be taken for public use, without just compensation."

In terms of liability for the alleged constitutional violation, Mr. and Mrs. Brown have not answered or otherwise responded to plaintiffs' complaint. Mr. and Mrs. Brown have not participated in this action. Again, Mr. and Mrs. Brown are deemed to have admitted the truth of the allegations in plaintiffs' complaint. Thus, the Court accepts as true plaintiffs' allegations that Mr. and Mrs. Brown's conduct violated their constitutional rights when they engaged in a civil conspiracy with Judge Avey to "remove[] dirt and trees and destroy[] a portion of the plaintiffs' property . . . ." (Dkt. No. 1, at 5).

Next, the Court must determine the appropriate measure and amount of money damages. In *Carey v. Piphus*, 435 U.S. 247, 258 (1978), the Supreme Court stated that "the interests

protected by a particular constitutional right may not also be protected by an analogous branch of the common law torts. In those cases, the task will be the more difficult one of adapting common-law rules of damages to provide fair compensation for injuries caused by the deprivation of a constitutional right." In *Carey* the Court made clear that the primary purpose of the damages remedy in § 1983 litigation is "to compensate persons for injuries caused by the deprivation of constitutional rights." 435 U.S. at 254. This case requires the Court to consider both "just compensation" as required by the text of the Fifth Amendment and Supreme Court decisional law, as well as the traditional common-law measure of damages for damage to real property.

In terms of the measure of damages, the Supreme Court has stated that "in determining just compensation, the question is what the owner has lost, not what the taker has gained." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 710 (1999) (internal quotations and citations omitted). "As its name suggests, then, just compensation is, like ordinary money damages, a compensatory remedy." *Id.* "When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner, regardless of whether the interest that is taken constitutes an entire parcel or merely a part thereof." *Brown v. Legal Found. of Washington*, 538 U.S. 216, 233 (2003).

"In giving content to the just compensation requirement of the Fifth Amendment, this Court has sought to put the owner of condemned property in as good a position pecuniarily as if his property had not been taken." *United States v. 564.54 Acres of Land, More or Less, Situated in Monroe & Pike Counties, Pa.*, 441 U.S. 506, 510 (1979). The aggrieved property owner must be made whole but is not entitled to more. *Id.* at 516. The Supreme Court "has refused to

designate market value as the sole measure of just compensation. For there are situations where this standard is inappropriate." *Id.* at 512.

Here, it is clear from the record and from the hearing that plaintiffs seek the costs associated with restoring their property. Plaintiffs submit that restoration will cost $3,600.00 plus $300.00 to replace certain trees. Plaintiffs also seek wages lost in connection with dealing with this matter. Finally, plaintiffs seek attorney's fees.

Considering the totality of the circumstances in this case, the Court declines to award a measure of damages for the fair market value of the land. Indeed, plaintiffs at the hearing on this matter presented evidence and argument in terms of restoration costs. The Court finds that those restoration costs are the appropriate measure of damages to make the plaintiffs whole within the meaning of the Takings Clause and the just compensation requirement.

Under Arkansas Model Jury Instruction § 2224, if the damage to real property is temporary or repairable, the measure of damages is "[t]he reasonable expense of necessary repairs to any property which was damaged plus compensation for any loss of its (rental or usable) value during the time that plaintiffs were deprived of its use." The measure of damages set out in this instruction comports with plaintiffs' submissions at the hearing.

The Court finds that plaintiffs are entitled to judgment in the amount of $3,900.00, which represents the amount necessary to restore the property and replace the trees. This will satisfy the Supreme Court's well-settled requirement that just compensation put plaintiffs "in as good a position pecuniarily as if his property had not been taken." *See 564.54 Acres of Land*, 441 U.S. at 510.

The Court declines to award damages for lost wages. "The Supreme Court has consistently held that consequential damages are not available in § 1983 takings cases." *Crosby*

*v. Pickaway Cnty. Gen. Health Dist.*, 303 F. App'x 251, 263 (6th Cir. 2008). *See also United States v. Gen. Motors Corp.*, 323 U.S. 373, 380 (1945) ("[I]t has generally been held that that which is taken or damaged is the group of rights which the so-called owner exercises in his dominion of the physical thing, and that damage to those rights of ownership does not include losses to his business or other consequential damage.").

The Court also declines to award punitive damages based on the controlling law and plaintiffs' submissions at the hearing. To award punitive damages in a § 1983 case, "the fact finder must, as a threshold matter, find that a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Williams v. Hobbs*, 662 F.3d 994, 1011 (8th Cir. 2011)(internal quotation marks and citation omitted). "Punitive damages punish a defendant for outrageous, intentional, or malicious conduct, and deter similar extreme conduct in the future." *Schaub v. Von Wald*, 638 F.3d 905, 922 (8th Cir. 2011).

The Court finds that plaintiffs are entitled to an award of costs and attorney fees. On the record currently before the Court, the only time attorney fees were mentioned during the hearing was when counsel asked Mr. Ivy to make sure that it was clear that he was asking the Court to assess damages against Mr. and Mrs. Brown for $3,600.00 plus his time off work, in addition to attorney's fees and punitive damages that the Court may assess. Mr. Ivy responded in agreement. Mr. Ivy has not presented any proof of the amount of costs and fees incurred. Therefore the Court hereby directs plaintiffs to submit a motion within 10 business days of this Order in support of their request for costs and fees. *See Terra Renewal, LLC v. McCarthy*, 4:11CV00653-BRW, 2012 WL 2805035 (E.D. Ark. July 10, 2012).

\* \* \*

The Court enters judgment in favor of plaintiffs against Mr. and Mrs. Brown in the amount of $3,900.00, together with post-judgment interest at the maximum rate permitted by law from the date of the judgment until paid. The Court reserves ruling on the amount of costs and fees to which plaintiffs are entitled and directs plaintiffs to submit a motion within 10 business days of this Order in support of their request for costs and fees.

SO ORDERED this the 27th day of August, 2013.

                                                _/s/ Kristine G. Baker_
                                                Kristine G. Baker
                                                United States District Judge